IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Harvey Franklin Rainey, III, ) | |
| ) | |
| Petitioner, ) | C.A. No. 8:06-1567-HMH-BHH |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Warden of Northside Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Harvey Franklin Rainey ("Rainey") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge Hendricks recommends granting the Respondent's motion for summary judgment. For the reasons set forth below, the court adopts the Magistrate Judge's Report and Recommendation and grants the Respondent's motion for summary judgment.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Rainey is currently incarcerated in a facility operated by the South Carolina Department of Corrections ("SCDC"). Rainey was sentenced to fifteen years' imprisonment after pleading guilty to indecent exposure, five counts of second degree burglary, two counts of forgery, and two counts of petit larceny. Rainey was represented by Trent Pruett ("Pruett"). Rainey did not appeal his conviction and sentence. On April 19, 2002, Rainey filed an application for post-conviction relief ("PCR") alleging ineffective assistance of counsel, the trial court failed to allow Rainey to withdraw his plea, and the court failed to rule on his motion for reconsideration. After a hearing on May 24, 2004, the PCR court dismissed Rainey's PCR in an order dated August 11, 2004. Rainey appealed the PCR court's decision. The South Carolina Supreme Court denied Rainey's Johnson petition on March 22, 2006. The remittitur was sent down on April 10, 2006. Rainey filed the instant petition on May 22, 2006, pursuant to § 2254.[2]

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element

---

[2]Houston v. Lack, 487 U.S. 266 (1988).

2

essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). With respect to this burden, "it is the responsibility of the [nonmovant], not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the [movant's] summary judgment motion." Malina v. Baltimore Gas & Elec. Co., 18 F. Supp. 2d 596, 604 (D. Md. 1998).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim –

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Rainey has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'[A] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410). "Thus, to grant [Rainey's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections to the Report and Recommendation

Rainey filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the

4

Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Rainey's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, Rainey specifically objects to the Magistrate Judge's conclusion that Rainey's claim that his trial counsel did not properly advise him concerning withdrawing his guilty plea is procedurally barred because he the claim was not raised during his PCR proceeding. In his objections, Rainey alleges that he addressed "in detail regarding withdrawing his guilty plea" in his memorandum in opposition to the Respondent's motion for summary judgment. (Objections 1.) In his opposition memorandum, Rainey alleges that the trial judge abused his discretion in denying his pro se motion to withdraw his guilty plea. (Mem. Opp'n Respt's Mot. Summ. J. 10-12.) In addition, Rainey alleges that Pruett was constitutionally ineffective for failing to assist Rainey in withdrawing his guilty plea. (Id.) Rainey raised these claims during his PCR action.

The PCR court found that the trial court considered Rainey's motion to withdraw his guilty plea and properly exercised its discretion in denying Rainey's motion. (PCR Appendix 88-89.); State v. Cantrell, 158 S.E.2d 189, 191 (S.C. 1967) (Under South Carolina law, "[a] motion to withdraw a plea of guilty, and to be allowed to enter a plea of not guilty, addresses itself to the discretion of the trial judge before whom the plea is entered, and, in the absence of a clear abuse of that discretion, this court will not interfere."). Whether the trial court abused its discretion in denying his motion is "an issue of state law not reviewable on federal

habeas." Price v. Johnson, No. Civ.A.7:04 CV 00224, 2004 WL 2475562, at *2 (W.D. Va. Nov. 3, 2004) (unpublished).

To the extent Rainey is alleging that the trial court violated his due process rights by denying his motion to withdraw his guilty plea, this argument is procedurally barred because it was not raised in his PCR action. Coleman v. Thompson, 501 U.S. 722 (1991) (holding issue not properly raised to the state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas).

In addition, Rainey alleged during his PCR action that his trial counsel was ineffective for failing to properly advise him regarding withdrawing his guilty plea. (PCR Appendix 57.) Although not specifically addressed in the PCR court's order, the PCR court stated in the order that any claims not specifically addressed in the order that Rainey had "failed to present any probative evidence" regarding those claims.

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Rainey must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Hunter must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Rainey was sentenced on October 29, 2001. (PCR Appendix 3-4.) After Rainey was sentenced, he informed Pruett that he wanted the court to reconsider its sentence. (Id. 76-77.) When Rainey was brought before the court on the afternoon of October 29, 2001, the court asked Rainey whether he wanted the court to reconsider its sentence and Rained indicated no. Subsequently, on October 31, 2001, Rainey filed a pro se motion to withdraw his guilty plea. The trial court contacted Pruett about Rainey's pro se motion and suggested that Rainey be brought back to court to address the motion. (Id. 77-78; PCR Supplemental Appendix 1.) However, Rainey was transported from the Spartanburg County jail to SCDC during this time. (PCR Appendix 78.) Upon learning that Rainey had been transported, the trial court instructed Pruett to prepare an order denying Rainey's motion to withdraw his plea. (Id.) Pruett informed Rainey that his motion had been denied by telephone. (Id.) Pruett testified during the PCR hearing that he told Rainey that he did not "see any grounds for an appeal based upon his guilty plea or the order denying his motion to withdraw his guilty plea" because it is within the trial judge's discretion whether to allow a defendant to withdraw his guilty plea. (Id. 78-79.) Based on the foregoing, the court finds that Rainey's claim that Pruett was ineffective for failing to advise Rainey regarding his motion to withdraw his guilty plea is without merit. Rainey filed a motion to withdraw his guilty plea and as Pruett informed Rainey, the trial judge has discretion in whether to grant or deny such a motion.

Moreover, even if Pruett's conduct was objectively unreasonable, Rainey has not been prejudiced because the trial court considered and ruled upon Rainey's motion to withdraw his guilty plea. (PCR Supplemental Appendix 2-4.) Therefore, after a thorough review of the

7

Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Hendricks' Report and Recommendation.

It is therefore

**ORDERED** that the Respondent's motion for summary judgment, docket number 17, is granted.

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina
April 23, 2007

## NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.